# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| SHANNON MURRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:06CV558-PPS |
| PAUL C. MADISON, M.D., | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Plaintiff Shannon Murray underwent back surgery on August 10, 2004, performed by Defendant Paul C. Madison, M.D.[1] By this lawsuit, Murray seeks damages for Dr. Madison's alleged medical malpractice. Specifically, Murray claims malpractice because a portion of the catheter inserted into a lumbar disc in Murray's back during the surgery was sheared off and remained in the disc after the catheter was removed and the surgery was concluded. Only Count I of the four-count Amended Complaint [DE 14] remains, and is now challenged by Defendant Madison's motion for summary judgment. All other parties and claims have been dismissed by previous order of the court. [DE 34, 40 & 72].

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). "Only

---

[1] Dr. Madison was originally sued in this matter as "Anonymous A" but Magistrate Judge Nuechterlein ordered the caption amended [DE 39] to reflect that "Anonymous A" was in fact Dr. Madison.

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party opposing a properly supported summary judgment motion "may not rely merely on allegations or denials in its own pleading" but rather must introduce evidence to "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). Where the undisputed facts and the applicable law could not support a reasonable jury verdict for the non-moving party, summary judgment is warranted.

This is a diversity action, so the substantive law governing Murray's claim is the Indiana Medical Malpractice Act, Ind. Code §27-12-1-1, et seq. As required by the Act, Murray's claim was presented to a Medical Review Panel, which issued a unanimous opinion that the evidence did not support a conclusion that Dr. Madison failed to meet the applicable standard of care. (DE 60-6). Under Indiana law, a claim of medical malpractice requires the plaintiff to "establish that the defendant (1) owed a duty to the plaintiff; (2) breached [his] duty by conduct falling below the standard of care; and (3) proximately caused a compensable injury through the breach of duty." *Musser v. Gentiva Health Services*, 356 F.3d 751, 760 (7th Cir. 2004).

A plaintiff must present expert testimony to establish the applicable standard of care and to show that the defendant's conduct fell below that standard. *Id.*, citing *Whyde v. Czarkowski*, 659 NE.2d 625, 627 (Ind.Ct.App. 1995) and *Narducci v. Tedrow*, 736 N.E.2d 1288, 1292 (Ind.Ct.App. 2000). Dr. Madison now seeks summary judgment, contending that Murray's claim fails because she lacks the necessary expert medical opinion identifying the applicable standard of care and opining that Dr. Madison breached the standard as alleged by Murray.

Murray has identified David C. Miller, M.D. as her expert witness. Dr. Miller is an anesthesiologist and pain physician currently treating Murray for complaints of back pain. (DE 60-4, pp.2-3; DE 75). In his deposition on March 30, 2009, Dr. Miller testified that, prior to questioning at the deposition, he had not been asked to give an opinion as to the standard of care. (DE 60-7, p.3). Although Dr. Miller first suggested that he had an opinion that Dr. Madison's actions fell below the standard of care, Dr. Miller acknowledged that he had done no analysis of what Dr. Madison "did with this particular patient at any particular time." (*Id*. at 4). Dr. Miller had reviewed no records of Dr. Madison's treatment of Murray or of the procedure performed by Dr. Madison. (*Id*.) The "opinion" ultimately expressed by Dr. Miller was, in essence, that as a physician familiar with the procedure, he knew that the end of the catheter could be sheared off if the catheter were manipulated in the wrong way. (*Id*. at 6.) When asked directly if he was "testifying under oath that Dr. Madison fell below the standard of care and committed malpractice," Dr. Miller responded, "No, no one asked me that," and later confirmed that he was not asked to render such an opinion and did not do the review necessary to form such an opinion. (*Id*. at 7.)

Seven months later, Murray filed her expert disclosure and report pursuant to Fed.R.Civ.P. 26(a)(2), naming Dr. Miller. (DE 75.) Dr. Miller's letter to Murray's counsel, dated September 21, 2009, is submitted as the doctor's expert report. In the letter, Dr. Miller makes the following statements: "The catheter tip that was left inside of Ms. Murray's disk was an inadvertent complication of her procedure. It is not my role to determine standards of care and it is certainly not my role to determine whether it was a breech (sic)." (DE 75, p.3.) The letter further states: "It would be inappropriate for me to make an estimate of what proportion of

her back pain was due to the catheter." (*Id*.) Dr. Miller declines to express an opinion as to the extent of damage to Ms. Murray's body caused by the distal portion of the catheter, or as to whether chronic pack pain or any other permanent damage was the result of the catheter procedure. (*Id*. at 3-4.) This latest statement of Dr. Miller's views leaves no doubt that he does not provide the expert opinion that Murray's claim of medical malpractice requires.

As the Seventh Circuit has noted in an analogous medical malpractice context, "Rule 56 mandates the entry of summary judgment against a party 'who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Musser*, 356 F.3d 751, 760, quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Dr. Miller's deposition testimony and his expert report demonstrate that his testimony and opinions are inadequate to meet the requirement of Indiana law that Murray produce an expert to establish the applicable standard of care and to opine that Dr. Madison fell below it. Murray has produced no other expert report indicating her ability to meet the requirement via the testimony of any other witness, and any such reports were due by October 26, 2009. [DE 71]. In the absence of such expert testimony, Murray cannot establish that Dr. Madison breached the applicable standard of care. And because Murray cannot establish a necessary element of her claim, Dr. Madison is entitled to judgment as a matter of law.

For these reasons, Defendant Paul C. Madison's Motion for Summary Judgment [DE 60] is **GRANTED**, and the Clerk shall **ENTER SUMMARY JUDGMENT** in favor of Defendant

4

Madison and against Shannon Murray on the sole remaining count of Plaintiff's Amended Complaint. This action is thereby **CLOSED**.

**SO ORDERED.**

ENTERED: January     19    , 2010

  /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT